UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VERNON LOVETT,**

    **Plaintiff,**                                        **CASE NO.:**

vs.                                                  **DEMAND FOR JURY TRIAL**

**EQUIFAX, INC. d/b/a EQUIFAX**
**WORKFORCE SOLUTIONS**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, VERNON LOVETT, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant, EQUIFAX, INC. d/b/a EQUIFAX WORKFORCE SOLUTIONS ("Defendant") and alleges:

**I. PARTIES**

1. Plaintiff is a natural person, a resident of Lakeland, Polk County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA. In addition, Plaintiff is a consumer as that term is defined by the FCCPA.

2. Defendant is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

1

3. At all times material Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Equifax disburses such consumer reports to third parties under contract for monetary compensation.

4. Defendant compiles employment data under the name "Equifax Workforce Solutions" which is in turn used by the U.S. Social Security Administration to determine social security disability benefits.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq*.

6. Jurisdiction of this court for the state claim under the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. 559.55 *et seq*., is conferred supplemental jurisdiction pursuant to 28 U.S. Code § 1367(a), as it arose from the same actions by Defendant in this case and is related to Plaintiff's FCRA claims.

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

## III. FACTUAL ALLEGATIONS

8. Plaintiff received Social Security disability benefits and has done so for several years.

9. On or about February 14, 2023, Plaintiff received a letter from the Social Security Administration stating that the SSA would be withholding benefits because he was employed. ***See Exhibit A.*** When asked, the SSA stated that Plaintiff was employed from November 2019 to May 2022 with Barnes Electric of Central Florida, Inc.

10. Plaintiff quit working prior to June 2020 because of his disability and had never heard of Barnes Electric of Central Florida, Inc. In fact, he called to speak with the management at Barnes Electric of Central Florida and the company had no information about his "employment" there whatsoever.

11. This information, according to the SSA, was received from a review of Plaintiff's Equifax Workforce Solutions employment record.

12. Following this letter, on or about April 3, 2023 Plaintiff sent a dispute letter to Defendant asking to remove the information above because it was affecting his ability to receive SSA disability payments. ***See Exhibit B.***

13. On April 28, 2024, Defendant responded to the dispute stating that the information had been deleted from his report as part of the reinvestigation. ***See Exhibit C.***

14. On September 27, 2023, Plaintiff received another letter from the SSA explaining that the Administration had reviewed his work history through

Equifax Workforce Solutions again and that consumer report stated he had been employed from November 2019 through May 2022 with "Barnes Electric of Central Florida Inc." ***See Exhibit D.***

15. The SSA further stated that Plaintiff would have to repay several months of disability payments or otherwise have payments withheld.

16. The employment information, as noted above, had been previously deleted by Defendant as part of their dispute reinvestigation. However, for some unknown reason, the information was reinserted by Defendant, causing damage to Plaintiff and preventing him from getting his necessary disability benefits, which at this time are being withheld until July 2024. This is especially difficult as he takes care of a teenage foster child while on disability.

17. Plaintiff retained undersigned counsel for the purpose of pursuing this matter against Defendant and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

18. All necessary conditions precedent to the filing of this action occurred or Defendant has waived.

## IV. CAUSES OF ACTION

### COUNT I
### CLAIMS AGAINST DEFENDANT EQUIFAX
### FOR VIOLATIONS OF THE FCRA
### (IMPROPER REINSERTION)
### 15 U.S.C. § 1681i(a)(5)

19. Plaintiff incorporates Paragraph 1 – 18 above as fully stated herein.

20. Defendant violated 15 U.S.C. § 1681i(a)(5) by reinserting the deleted inaccurate employment information in Plaintiff's consumer file after it had deleted the account without the furnisher of said information, Barnes Electric of Central Florida, Inc., certifying that the information is complete and accurate in violation of 15 U.S.C. § 1681i(a)(5)(B)(i).

21. Defendant further violated 15 U.S.C. § 1681i(a)(5) by failing to notify Plaintiff of the reinsertion of the deleted information in Plaintiff's consumer file, of the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the consumer reporting agency, in connection with the reinsertion of such information, and of his right to add a statement to the consumer's file disputing the accuracy or completeness of the disputed information within five business days after said reinsertion in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii) and (iii).

22. Defendant also violated 15 U.S.C. § 1681i(a)(5) by failing to maintain reasonable procedures designed to prevent the reappearance of the deleted employment information in Plaintiff's consumer file, in violation of 15 U.S.C. § 1681i(a)(5)(C).

23. Because of Defendant's violation, Plaintiff suffered damages including, but not limited to, loss of Social Security benefits over $12,000, loss of income,

the statutory right to accurate credit information, emotional distress, and the embarrassment and frustration of his benefit denials.

24. Defendant's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

25. In the alternative, Defendant's conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

26. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EQUIFAX:

    a)    For actual damages;

    b)    For compensatory damages;

    c)    For statutory damages;

    d)    For attorney's fees and costs incurred in this action;

    e)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

    f)    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 15th day of February, 2024.

/s/ Austin Griffin, Esq.
MAX STORY, ESQ.
Florida Bar: 0527238
AUSTIN J. GRIFFIN, ESQ., **Lead Counsel**
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
lynette@storylawgroup.com
Attorneys for Plaintiff